**Electronically Filed
Intermediate Court of Appeals
29775
06-DEC-2010
09:32 AM**

NO. 29775

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GEORGE ROBERT TOTH, Plaintiff-Appellant,
v.
DONALD S. RULLO; RED TIME REALTY LLC, a Hawaii
Limited Liability Company; MICHAEL J. SWERDLOW;
HO'OMAU I MUA LLC, a Hawaii Limited Liability
Company; LEHMAN BROTHERS BANK, FSB, A FEDERAL
SAVINGS BANK; JOHN DOES 1-20,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0097K)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Plaintiff-Appellant George Robert Toth (Toth) appeals
from the Amended Final Judgment (Judgment) filed on March 17,
2009 in the Circuit Court of the Third Circuit (circuit court).[1]
The circuit court entered judgment in favor of Defendants-
Appellees Donald S. Rullo (Rullo); Red Time Realty, LLC (Red
Time); Michael J. Swerdlow (Swerdlow); and Ho'omau I Mua LLC
(Ho'omau I Mua) (collectively, Defendants) and against Toth
pursuant to Defendants' June 19, 2007 "Motion to Dismiss [Toth's]
Complaint or, in the Alternative, for Summary Judgment"
(Defendants' MSJ). The circuit court dismissed all of Toth's

---

[1] The Honorable Elizabeth A. Strance presided.

claims against Defendant Lehman Brothers Bank, FSB, a Federal Savings Bank (Lehman Brothers).

On appeal, Toth argues that the circuit court

(1)  in granting Defendants' MSJ

(a)  erred because there was a genuine issue of material fact as to whether the January 20, 2007 Cancellation of Agreement of Sale (Cancellation Agreement) he entered into with Rullo is voidable on the ground of fraudulent inducement;

(b)  erred as a matter of law because the Cancellation Agreement is voidable on the ground that Rullo breached his fiduciary duty to disclose material facts to Toth regarding the purchase transaction; and

(c)  erred as a matter of law because the Cancellation Agreement is void on the ground that it violates Hawaii County Code (HCC) Section 23-76; and

(2)  erred in concluding that the terms of the Cancellation Agreement precluded Toth from making any of his claims in the Complaint against any of the Defendants.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Toth's points of error as follows:

(1)  The circuit court did not err by granting Defendants' MSJ because Toth did not meet his burden of showing that there was a genuine issue of material fact regarding his claims against Defendants.

(a)  Toth has cited to no authority to support the notion that a broker's commission of fraud or breach of fiduciary duty in inducing a purchaser to sign an Agreement of Sale automatically voids a subsequent Cancellation Agreement.

(b)  Regardless of whether Toth's entering into the Cancellation Agreement was "knowing," Toth has not argued it was Defendants' burden to inform him of any claims he may have against them at the time he signed it.  In the Cancellation

2

Agreement, Toth agreed to "release and forever discharge[]
[Rullo] . . . from and on account of any and all claims, causes
of action, liabilities, losses or damages of whatever name or
nature, arising out of or related in any manner to the subjects
described in this Agreement and the Agreement of Sale attached
hereto." There is no evidence in the record on appeal that
"claims" did not include Toth's allegations that Defendants
committed fraud or breach of fiduciary duty in inducing him to
sign the Agreement of Sale or DROA.

(c) Toth has failed to adequately argue that
there was a genuine issue of material fact with regard to his
claim that Rullo fraudulently induced him to sign the
Cancellation Agreement by misrepresenting that (1) Toth had to
vacate the Property, (2) the purchase transaction had terminated,
and (3) Toth had to accept $63,595.64 in return for cancelling
the purchase transaction. In his opposition to Defendants' MSJ,
Toth failed to address that claim at all. See Laeroc Waikiki
Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawai'i 201, 216,
166 P.3d 961, 976 (2007) (setting forth the elements of
fraudulent inducement); Hawai'i Rules of Civil Procedure Rule
56(e) ("[T]he adverse party's response [to a motion for summary
judgment], by affidavits or as otherwise provided in this rule,
must set forth specific facts showing that there is a genuine
issue for trial. If the adverse party does not so respond,
summary judgment, if appropriate, shall be entered against the
adverse party.").

(d) Although Toth argued below and argues on
appeal that the Agreement of Sale and DROA were invalid because
they were in violation of Hawai'i County Code Section 23-76, he
has not explained how in his estimation the Agreement of Sale and
DROA's alleged invalidity on that basis rendered the Cancellation
Agreement void. Pursuant to the terms of the Cancellation
Agreement, Toth waived the right to pursue against Defendants any
claims -- including that the Cancellation Agreement was void

3

because the Agreement of Sale and DROA failed to comply with Section 23-76.

(2)   The circuit court did not err in concluding that Toth waived all of his claims against all of the Defendants. Toth failed below to distinguish among Rullo, Swerdlow, Red Time, and Ho'omau I Mua or demonstrate which of his claims were unrelated to the Agreement of Sale or Cancellation Agreement.

Therefore,

IT IS HEREBY ORDERED that the Amended Final Judgment filed on March 17, 2009 in the Circuit Court of the Third Circuit is affirmed.

DATED:   Honolulu, Hawai'i, December 15, 2010.

On the briefs:

Mark Van Pernis
(Van Pernis-Vancil)
for Plaintiff-Appellant.

James C. Clay
for Defendants-Appellees
Donald S. Rullo; Red Time
Realty, LLC; Michael J.
Swerdlow; Ho'omau I Mua LLC.

Presiding Judge

Associate Judge

Associate Judge

4